IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Johnnie Clanton, Jr.,                                    Case No. 3:14CV77

           Plaintiff

         v.                                    **ORDER**

Dart Transit Co., et al.,

           Defendants

     This is a personal-injury suit arising from a collision between two tractor-trailers on the Ohio Turnpike near Sandusky, Ohio. Jurisdiction is proper under 28 U.S.C. § 1332(a)(1).

     When this suit began, the plaintiff, Johnnie Clanton, Jr., was represented by attorney Andrew J. Pullekins. (Doc. 1). Thereafter, Clanton retained the services of another attorney, Samuel A. Dion. (Doc. 5). In June, 2014, however, attorneys Pullekins and Dion moved to withdraw from the representation, and I allowed their motion. (Doc. 16). Attorney David A. Bressman then entered his appearance on Clanton's behalf. (*Id.*).

     With the appearance of Bressman, I pushed back the deadlines for discovery, the date of the final settlement conferences, and the trial date. (*Id.* at 1–2). In January, 2015, however, Bressman, citing intractable difficulties with Clanton, moved for leave to withdraw. (Doc. 31). Bressman explained that Clanton refused to follow his advice "on important aspects of [the] case," and that Clanton had refused to attend the defense's Rule 35 independent medical examination. (*Id.* at 1). I granted the motion.

Since Bressman's withdrawal, the case has been at a stand-still, with Clanton regularly seeking continuances in order to find another attorney. Those attempts, extending over at least eighteen months, have been unsuccessful.

During a status conference on March 8 of this year, Clanton stipulated that he would not present live expert testimony at the trial set for June, 2016; instead, he would present deposition testimony *via* video. However, Clanton, despite scheduling an expert deposition for April, failed to secure the promised testimony.

Thereafter, I extended Clanton, who has an attorney representing him in Philadelphia, where he resides, further time to engage local counsel in Ohio. Nevertheless, and despite my warnings that August 1 would the final deadline to secure counsel, Clanton has not done so.

Pending is the defendants' motion for summary judgment. (Doc. 64). As that document points out, Clanton cannot sustain his claim without expert medical testimony. Unable to obtain an attorney, Clanton has likewise been unable to procure such testimony.

The undersigned having given Clanton more than ample time to obtain an attorney and the necessary evidence to resist the defendant's well-taken motion for summary judgment, it is hereby ORDERED THAT:

1.    Defendants' motion for summary judgment (Doc. 64) be, and the same hereby is, granted; and

2.    No appeal could be taken from this order in good faith, and none shall be allowed absent prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(3).

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

2